82,830-01,02,03,04,05

February 25, 2015

Court Of Criminal Appeals

Clerk, Abel Acosta

P.O. Box 12308, Capital Station

Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 03 2015

Abel Acosta, Clerk

RE: Ex parte Matthew Cotten

Writ Nos. C-432-010371-1222336-A; C-432-010372-1227019-A; C-432--1-373-1227020-A; C-432-010374-1227021-A; C-432-010375-1227111-A.

Dear Clerk,

Enclosed you will find "Applicant's Traverse To the Trial Court's Findings of FAct and Conclusion of Law" in the above styled and numbered causes. Please file-stamp said instrument and bring it to the attention of the court in your usual fashion. Thank you for your time and cooperation.

Respectfully Submitted:

Matthew Cotten

Matthew Cotten No. 1826716

Coffield Unit

2661 F.M. 2054

Tennessee Colony, Texas 75884

CC:

Steven W. Conder

Assistant District Attorney

401 W. Belknap

Fort Worth, Texas 76196-0201

Writ No. C-432-010371-1222336-A

Ex Parte

§      In The 432nd Judicial

§

§      District Court

§

Matthew Cotten

§      Tarrant County, Texas


### Applicant's Traverse To The Trial Court's Findings Of Facts And Conclusion Of Law

To The Honorable Court Of Criminal Appeals:

Now Comes, Matthew Cotten, Applicant, Pro se, and files this "Applicant's Traverse To The Trial Court's Findings Of Fact And Conclusion Of Law" asking the Court Of Criminal Appeals to grant this foregoing State post conviction writ of habeas corpus. And in support thereof will show this court the following:

### Grounds For Relief

On January 4, 2015, Applicant filed this foregoing writ of habeas corpus alleging five constitutional violations during the course of his trial court proceeding.

**In ground nuber one,** Applicant contends that his sentence of thirty years in Cause No. 1222336D , is illegal because the "Judgment of Conviction By Court" and the "Record At Trial" shows that the trial court found only one enhancement paragraph true; thereby making his punishment excessive.

**In ground number two,** Applicant contends that his sentence of thirty years in Cause No. 1222336D , is void because the State presented "No Evidence" to support the enhancement paragraphs alleged in the indictment, as required by Section 12.42(d), Texas Penal Code, thereby denying him due process under the State and Federal Constitution.

**In ground number three,** Applicant contends that he was denied due process and due course of law when the State presented "no evidence" to support the enhancement allegations as required by Section 12.42(d), Texas Penal Code; thereby making his thirty year sentence void.

In ground number four, Applicant contends that Detective Anderson violated his "Miranda Right" guaranteed to him by the Fifth and Fourteenth Amendment, when he failed to read the full "Miranda Warning" as required by Article 38.22§ 3(a)(2), Texas Code of Criminal Procedure.

In ground number five, Applicant contends that Detective Anderson violated his "Due Process Right" under the Fifth and Fourteenth Amendment, when he threatened physical abuse to applicant in order to coerce him to give a self-incriminating statement against himself.

## Argument And Authorities

### Ground Number One

In ground number one, Applicant argued that his sentence of thirty years in Cause No. 1222336D  is illegal because the""Judgment Of Conviction By Court" and the "Record At Trial" shows that the trial court found only one enhancement paragraph true, thereby making his punishment excessive.

### State's Reply To Petition For Writ Of Habeas Corpus

In addressing ground number one, the district attorney argued that relief should be denied simply because --"the indictment alleged two prior felony convictions: a 2003 conviction for possession of a firearm by a felon, and a 1997 conviction for burglary of a habitation. The trial court found these prior convictions to be true. Thus, the applicant qualifies as a habitual felony offender. The applicant's thirty year sentence is within the statutory range for a habitual felony offender. As such, his sentence is not excessive." (See; State's Reply To Petition For Writ Of Habeas Corpus, pp.4).

However, the district attorney failed to address applicant's constitutional questions of law and fact regarding the applicant's claim that the record affirmatively reflects that his sentence is illegal because the "Judgment of Conviction By Court" and the "Reporters Record at trial", both affirmatively reflects that the trial court only found one enhancement paragraph true, thereby acquitting applicant of the habitual offender allegations. (See: Judgment Of Conviction By Court, Appendix No. 1-5, and R.R. Vol#2, pp. 109 through pp. 114).

2

Applicant maintains that because the "Judgment of Conviction and the Reporter's Record" at trial shows that applicant plead "True" only once during the entire course of trial, and the trial court found only one enhancement paragraph to be true (See: R.R. Vol#2,pp.109 through pp.114) there is no evidence contained within the record to support the trial court's habitual offender finding. Therefore, the habeas court's findings is not entitled to the presumption of correctness under 28 U.S.C. §2254(e)(1).

## Habeas Court Memorandum/ Findings

On February 2, 2015, the habeas court issues it's "Memorandum / Findings" adopting the district attorney's interpertation of the events on all five constitutional claims without addresssng applicant's questions of law and fact:

In addressing ground number one, the trial court simply stated without any decussion--"The Court finds that the applicant's thirty year sentence is not excessive. The court recommends that this ground for relief be denied." (See: Memorandum / Findings, pp.1).

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation to ground number one based upon the fact that the trial court's findings is contradicted by the record of evidence at trial which shows that the trial court only found one enhancement paragraph to be true. (See: Judgment of Conviction By Court and (R.R. Vol#2,pp.109 through pp.114).

A review of the "Judgment of Conviction By Court" at trial clearly shows that applicantplead "True" to only one enhancement paragraph and the trial court found only one enhancement paragraph true. (See: Judgment of ConvictionBy Court-Waiver of JUry Trial"). Likewise, a review of the punishment hearing shows that the State never presented any evidenceto support the enhancement allegations thereby making the trial court's sentence of thirty years void. Moreover, the record shows that the district attorney only asked the trial court to take judical notice of the presentence investigation report and then rested. (R.R. Vol#3,pp.7, line 6 through pp.8, line 1-15). Nevertheless, without any evidence beingpresented at trial to support the enhancement allegation, the trial court illegally concluded:

"Based upon the foregoing evidence and the information that's been provided to

3

the court and your admission, the court hereby finds you guilty of all five cause numbers in 1222336, 1227019, 1227020, 1227021, 1227111, all respectively styled the State of Texas versus Matthew C. Cotten. The respective enhancements are also found to be true. In the cause numbers, with the exception of 1227111, the Court hereby sentences you to 30 years in the Institutional Division of the Texas Department of Criminal Justice. In Cause No. 1227111, theCourt hereby sentences you to 20 years in the Institutional Division of the Texas Department of Criminal Justice." (R.R. Vol#3,pp.86,line 18 through pp.87,line1-7).

Section 12.42(d), Texas Penal Code governs the punishment for habitual felony offenders, and requires the State to present evidence of two prior felony offenses inorder to sentence anyone as a habitual offender. Ex Parte Rich, 194 S.W.3d 508, 511(Tex. Crim. App.2006). IN explaining how Section 12.42(d) operates, the Court of Criminal Appeals have consistantly held that the State must present evidence which supports the enhancement allegations contained in the indictment. This is because, if the proof at trial fails to correspond with the enhancement allegations, the punishment can not be legally enhanced. Cole V. State, 611 S.W.2d 79, 80(Tex. Crim. App. 1981); Mizell V. State, 119 S.W.3d at 806(Tex. App. 2006); Jordan V. State, 256 S.W.3d 290, 293(Tex.Crim. App. 2008).

Here, in applicant's case now before the Court of Criminal Appeals the record shows that at the punishment hearing the State only asked the court to take judicial notice of the presentence investigation report which did not contain any evidence of any prior felony convictions. (R.R. Vol#3,pp.7, line 6 through pp.8, line 1-15). Thus, the record clearly shows that the State presented no evidence to support the enhancement allegations. Consequently, no rational trier of fact could have found the enhancement allegations true beyond a reasonable doubt. In conclusion, the findings of the trial court should be overruled and applicant's sentence set aside and remanded back tothe trial court for a new punishment hearing.

## Ground Number Two and Three

In ground number two, applicant argued that his sentence of thirty years is void because the State presented "no evidence to support the enhancement allegations required by Section 12.42(d), Texas Penal Code, thereby denying him due process under the State and Federal Constitution.

4

In ground number three, Applicant argues that he was denied due process and due course of law when the State presented "no evidence" to support the enhancement allegations as required by Section 12.42 (d), Texas Penal Code; thereby making his thirty year sentence void.

**State's Reply To Petition For Writ Of Habeas Corpus**

In addressing grounds two and three, the district attorney argued that relief should be denied because:

"The record herein is not totally devoid of evidentiary support for enhancing the applicant's sentencing range." (See: State's Reply,pp.5).

More specifically, the district attorney argues that there is some evidence to support the enhancement allegations based upon (1) "The applicant entered a judicial confession admitting to all of the allegations in the indictment, including the enhancement and habitual allegations; and (2) "The applicant waived his right to the appearance,confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence." (State's Reply, pp.5).

However, the district attorney failed to address applicant's constitutional questions of law and fact regarding applicant's claim that the State presented "no evidence" to support the essential elements of the enhancement paragraph as required by Section 12.42(d), Texas Penal Code; Article 1.15, Texas Code of Criminal Procedure; and due process under the Fifth and Fourteenth Amendment of the United States Constitution. (State's Reply, pp.5-6).

Applicant maintains that proof of prior felony convictions requires more than (1) applicant's judicial confession admitting to all of the allegations in the indictment, and (2) applicant's waiver of his right to the appearance, confrontation and cross-examination of witnesses." This is because the courts have long held that in all criminal prosecutions regardless of the plea or whether the punishment is assessed by the judge or the jury, in no event shall a person charged with a criminal offense be convicted upon his plea without sufficient evidence to support the same. Article 1.15, Texas Code Of Criminal Procedure; Stone V. State, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996); Messer V. State, 729 S.W.2d 694,698(Tex.Crim.App.1986); Stokes V. Procunier, 744 F.2d at 483; Thompson V. Louisville, 362 U.S. 199, 80 S.CT. 624(1978).

5

Furthermore, proof of prior convictions contained within the presentence investigation report is inadmissible as proof of a final conviction where the P.S.I. report did not contain certified copies of prior judgment of convictions against the applicant. Garcia V. State, 930 S..W.2d 621, 623(Tex.Crim. App.1996). Likewise, in order for a stipulation to be considered as evidence where the plea is before the court, the state must introduce a copy of the judgment and sentence in each case for enhancement purpose. See: Messer, 729 S.W.2d at 698; Stone, 919 S.W.2d at 426; Ex parte Brown, 757 S.W.2d at 368; Ex parte Rich, 194 S.W.3d at 513.

Here, in applicant's case now before the Court of Criminal Appeals the record shows that the district attorney admitted that the only evidence supporting the enhancing of applicant's punishment at trial are:

*The applicant entered a judicial confession admitting to all of the allegations in the indictment, including the enhancement and habitual allegations.

*The applicant waived his right to the appearance, confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence. (See: State's Reply, pp.5).

In conclusion, the record clearly shows that the State denied applicant due process and due course of law when the district attorney presented "no evidence" at trial to support the enhancement allegations as required by Section 12.42(d), Texas Penal Code; Article 1.15, Texas Code of Criminal Procedure; and the Fifth and Fourteenth Amendment of the United States Constitution. Consequently, no rational trier of fact could have found the essential elements of the enhancement allegations true beyond a reasonable doubt.

## Habeas Court Memorandum / Findings

In addressing ground number two and three, the trial court erred in stating :
"The Court finds that the applicant's judicial confession provides some evidence supporting the enhancement of his sentencing range to habitual offender status. The Court recommends that grounds for relief be denied. (See: Memorandum / Findings, pp. 1).

6

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation that ground two and three be denied based upon the trial court's finding that--"applicant's judicial confession (standing alone) provides some evidence supporting the enhancement of his sentencing range to habitual offender status." Applicant maintains that his judicial confession standing alone is not enough to support proof of a final conviction, where the P.S.I. report did not contain certified copies of prior judgment of convictions against him. See: Garcia V. State, 930 S.W.2d 621, 623(Tex. App. 1996); Ex parte Brown, 757 S.W.2d at 368; Ex parte Rich, 194 S.W.3d at 513.

The Texas Court of Criminal Appeals have long held that in all criminal prosecutions regardless of the plea or whether the punishment is assessed by the judge or the jury, in no event shall a person charged with a criminal offense be convicted upon his plea without sufficient evidence to support the same. Article 1.15, Texas Code of Criminal Procedure; Stone V. State, 919 S.W.2d 424. 426(Tex. Crim. App. 1996); Messer V. State, 729 S.W.2d 694, 698(Tex. Crim.App. 1986). LIkewise, allegations of prior convictions contained within the presentence investigation report is inadmissible as proof of a final conviction, where the P.S.I. report did not contain certified copies of prior judgments of convictions against the applicant. Garcia, 930 S.W.2d at 623. In summary, the State must introduce a copy of each judgment of conviction, in each case used for enhancement purpose. See: Section 12.42(d), Texas Penal Code; Terrell V. State, 228 S.W.3d 343 at 346; Ex parte Rich, 194 S.W.3d at 513.

Here, in applicant's case now before the Texas Court of Criminal Appeals, the record shows that the State prosecuting attorney only asked the trial court to take judicial notice of the presentence investigation report and then rested without presenting any evidence of a judgment of prior conviction. (See: R.R. Vol#2,pp.114, line 16-21) and (R.R. Vol#3,pp. 7, line 6 through pp.8, line 1-15). Furthermore, there were "no evidence" of prior convictions contained within the P.S.I. report. Thus, based upon the record, no rational trier of fact could have found the enhancement allegations true beyond a reasonable doubt. In conclusion, the recommendation of the trial court must be overruled and applicant's case remanded back to the trial ccourt for a new punishment hearing.

## Ground Number Four And Five

In ground number four and five, Applicant argued that Detective Anderson violated his Miranda Right guaranteed to him by the fifth and fourteenth amendment of the United State Constitution when he failed to read the full "Miranda Warning" to him as required by Article 38.22 § 3(a)(2), Texas Code of Criminal Proceedure.

In ground number five, Applicant argued that Detective Anderson violated his due process right under the fifth and fourteenth amendment of the United States Constitution when he threatend physical harm to him and his property in order to coerce him to give a self-incriminating statement against himself.

## State's Reply To Petition For Writ of Habeas Corpus

In addressing ground number four and five, the district attorney argued that relief should be denied because:

"The applicant's Miranda and due process grounds for relief are not cognizable because these same complaints were rejected on direct appeal." (See; State's Reply, pp.6).

However, the district attorney has failed to address applicant's constitutional questions of law and fact regarding additional evidence that is being presented for the first time in this foregoing habeas corpus petition that was not presented on direct appeal. This evidence creates an exception to the general rule that claims raised and rejected on direct appeal are not cognizable on habeas corpus. Ex parte Schuessler, 846 S.W.2d at 852(TEx. Crim. App.1992); Ex parte Goodman, 816 S.W.2d 383, 385(Tex. Crim, App. 1991); Ex parte Russell, 738 S.W.2d 644, 646(Tex. Crim.App. 1986).

## Habeas Court Memorandum / Findings

In addressing ground number four and five, the trial court erred in stating: "The Court finds that the applicant's miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal." (See; Memorandum/Finding, pp. 1).

8

**Applicant's Traverse To The Trial Court's Findings**

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation that ground four and five be denied based upon the trial court's finding that:

"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal." (See: Memorandum / Finding, pp.1).

Applicant maintains that his claims presented in ground numbers four and five of the foregoing habeas corpus petition should not be subjected to procedural bar, because his claims now before the court are fundamental constitutional claims that are based upon new theories that were not presented on direct appeal. Ex parte Goodman, 816 S.W.2d 383, 385(Tex. Crim. App. 1991); Ex parte Russell, 738 S.W.2d 644(Tex. Crim. App.1986); Ex parte Schuessler, 846 S.W.2d at 852(Tex. Crim. App. 1992). The law is clear, although habeas corpus is traditionally unavailable to review matters which were raised and rejected on appeal, claims involving jurisdictional defects or invoking fundamental constitutional rights may be raised. Ex parte Schussler, 846 S.W.2d at 852 (Tex. Crim. App. 1992)(granting relief due to lack of jurisdiction); Ex parte Russell, 738 S.W.2d 644(Tex. Crim. App. 1986)(granting relief due to improper admission of void prior conviction); Ex parte Bravo, 702 S.W.2d 189(Tex Crim.App. 1982)(granting relief do to the improper excusal of a veniremember): Ex parte Clark, 597 S.W.2d 760(Tex. Crim.App.1979)(granting relief due to the trial court's failure to apply the law to the facts of the case).

Here, in applicant's case now before the Texas Court of Criminal Appeals, the record shows that on direct appeal Cotten argued that the trial court erred in failing to suppress his first statement because it's procurement violated his constitutional right under Miranda V. Arizona, and his statutory rights under Article 38.22 of the Texas Code of Criminal Procedure. (See: Opinion of the Eight District Court of Appeals, pp.4). However, a review of applicant's habeas corpus claim now before the Court of Criminal Appeals shows that he now argues that --"Detective Anderson violated his Miranda Right guaranteed to him by the Fifth and Fourteenth Amendment of the United States Constitution when he failed to read the "full miranda warning" to him as required by Article 38.22 § 3(a)(2), Texas Code of Criminal Procedure. (See: Memorandum of Law, pp.14).

9

After comparing applicant's ground number four in his habeas corpus petition to applicant's claim number one on direct appeal it becomes clear that the claims are not the same, because applicant is now presenting a constitutional issue of fundamental error based upon a theory not alleged on direct appeal. Consequently, the trial court's finding that --"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal"-- must be overruled and the cause remanded back to the trial court for a new trial.

Likewise, a review of applicant's second claim on direct appeal shows that he argued that his waiver of his statutory rights was not knowingly, intelligently, and voluntarily made. (See: Opinion of the Eight Court of Appeals, pp.5). However, a review of applicant's fifth ground for review on his habeas corpus petition shows that he alleged that --"Detective Anderson violated his due process right under the Fifth and Fourteenth Amendment of the United States Constitution when he threatened physical abuse to applicant and his property in order to coerce him to give a self-incriminating statement against himself. (See: Applicant's Memorandum of Law, pp.17).

In summary, after comparing applicant's ground number five in his habeas corpus petition to applicant's claim number two on his direct appeal, it becomes clear that the claims are not the same because applicant is now presenting a constitutional issue of fundamental error based upon a theory not alleged on direct appeal. Consequently, the trial court's finding that --"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal"--must be overruled and the case remanded back to the trial court for a new trial.

## Conclusion

In conclusion, the findings of fact and conclusion of law recommended by the trial court must be overruled and applicant granted a new punishment hearing based upon grounds one, two and three. Or in the alternative, applicant's cause should be reversed and remanded for a new trial based upon grounds number four and five. Applicant So Moves The Court.

Respectfully Submitted:

Matthew Cotten No. 1826716

Coffield Unit

2661 F.M. 2054

Tennessee Colony, Texas 75884

## Certificate Of Service

I, Matthew Cotten, Applicant, Pro se, do hereby certify that a true and correct copy of this foregoing instrument has been served upon Steven W. Conder, Assistant District Attorney, 401 W. Belknap, Fort Worth, Texas 76196-0201. Executed on this 25th day of February, 2015.

Sign: _Matthew Cotten_

Matthew Cotten No. 1826716

Applicant, Pro se

Writ No. C-432-010372-1227019-A

| Ex Parte | § | In The 432nd Judicial |
| | § | |
| | § | District Court |
| | § | |
| Matthew Cotten | § | Tarrant County, Texas |

Applicant's Traverse To The Trial Court's Findings Of Facts
And Conclusion Of Law

To The Honorable Court Of Criminal Appeals:

Now Comes, Matthew Cotten, Applicant, Pro se, and files this "Applicant's Traverse To The Trial Court's Findings Of Fact And Conclusion Of Law" asking the Court Of Criminal Appeals to grant this foregoing State post conviction writ of habeas corpus. And in support thereof will show this court the following:

Grounds For Relief

On January 4, 2015, Applicant filed this foregoing writ of habeas corpus alleging five constitutional violations during the course of his trial court proceeding.

In ground nuber one, Applicant contends that his sentence of **thirty** years in Cause No. 1227019D , is illegal because the "Judgment of Conviction By Court" and the "Record At Trial" shows that the trial court found only one enhancement paragraph true; thereby making his punishment excessive.

In ground number two, Applicant contends that his sentence of **thirty** years in Cause No. 1227019D , is void because the State presented "No Evidence" to support the enhancement paragraphs alleged in the indictment, as required by Section 12.42(d), Texas Penal Code, thereby denying him due process under the State and Federal Constitution.

In ground number three, Applicant contends that he was denied due process and due course of law when the State presented "no evidence" to support the enhancement allegations as required by Section 12.42(d), Texas Penal Code; thereby making his thirty year sentence void.

In ground number four, Applicant contends that Detective Anderson violated his "Miranda Right" guaranteed to him by the Fifth and Fourteenth Amendment, when he failed to read the full "Miranda Warning" as required by Article 38.22§ 3(a)(2), Texas Code of Criminal Procedure.

In ground number five, Applicant contends that Detective Anderson violated his "Due Process Right" under the Fifth and Fourteenth Amendment, when he threatened physical abuse to applicant in order to coerce him to give a self-incriminating statement against himself.

## Argument And Authorities

### Ground Number One

In ground number one, Applicant argued that his sentence of **thirty** years in Cause No. 1227019D is illegal because the""Judgment Of Conviction By Court" and the "Record At Trial" shows that the trial court found only one enhancement paragraph true, thereby making his punishment excessive.

### State's Reply To Petition For Writ Of Habeas Corpus

In addressing ground number one, the district attorney argued that relief should be denied simply because —""the indictment alleged two prior felony convictions: a 2003 conviction for possession of a firearm by a felon, and a 1997 conviction for burglary of a habitation. The trial court found these prior convictions to be true. Thus, the applicant qualifies as a habitual felony offender. The applicant's thirty year sentence is within the statutory range for a habitual felony offender. As such, his sentence is not excessive." (See; State's Reply To Petition For Writ Of Habeas Corpus, pp.4).

However, the district attorney failed to address applicant's constitutional questions of law and fact regarding the applicant's claim that the record affirmatively reflects that his sentence is illegal because the "Judgment of Conviction By Court" and the "Reporters Record at trial", both affirmatively reflects that the trial court only found one enhancement paragraph true, thereby acquitting applicant of the habitual offender allegations. (See: Judgment Of Conviction By Court, Appendix No. 1-5, and R.R. Vol#2, pp. 109 through pp. 114).

2

Applicant maintains that because the "Judgment of Conviction and the Reporter's Record" at trial shows that applicant plead "True" only once during the entire course of trial, and the trial court found only one enhancement paragraph to be true (See: R.R. Vol#2,pp.109 through pp.114) there is no evidence contained within the record to support the trial court's habitual offender finding. Therefore, the habeas court's findings is not entitled to the presumption of correctness under 28 U.S.C. §2254(e)(1).

## Habeas Court Memorandum/ Findings

On February 2, 2015, the habeas court issues it's "Memorandum / Findings" adopting the district attorney's interpertation of the events on all five constitutional claims without addresssng applicant's questions of law and fact:

In addressing ground number one, the trial court simply stated without any decussion--"The Court finds that the applicant's thirty year sentence is not excessive. The court recommends that this ground for relief be denied." (See: Memorandum / Findings, pp.1).

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation to ground number one based upon the fact that the trial court's findings is contradicted by the record of evidence at trial which shows that the trial court only found one enhancement paragraph to be true. (See: Judgment of Conviction By Court and (R.R. Vol#2,pp.109 through pp.114).

A review of the "Judgment of Conviction By Court" at trial clearly shows that applicantplead "True" to only one enhancement paragraph and the trial court found only one enhancement paragraph true. (See: Judgment of ConvictionBy Court-Waiver of JUry Trial"). Likewise, a review of the punishment hearing shows that the State never presented any evidenceto support the enhancement allegations thereby making the trial court's sentence of thirty years void. Moreover, the record shows that the district attorney only asked the trial court to take judical notice of the presentence investigation report and then rested. (R.R. Vol#3,pp.7, line 6 through pp.8, line 1-15). Nevertheless, without any evidence beingpresented at trial to support the enhancement allegation, the trial court illegally concluded:

"Based upon the foregoing evidence and the information that's been provided to

3

the court and your admission, the court hereby finds you guilty of all five cause numbers in 1222336, 1227019, 1227020, 1227021, 1227111, all respectively styled the State of Texas versus Matthew C. Cotten. The respective enhancements are also found to be true. In the cause numbers, with the exception of 1227111, the Court hereby sentences you to 30 years in the Institutional Division of the Texas Department of Criminal Justice. In Cause No. 1227111, the Court hereby sentences you to 20 years in the Institutional Division of the Texas Department of Criminal Justice." (R.R. Vol#3,pp.86,line 18 through pp.87,line1-7).

Section 12.42(d), Texas Penal Code governs the punishment for habitual felony offenders, and requires the State to present evidence of two prior felony offenses inorder to sentence anyone as a habitual offender. Ex Parte Rich, 194 S.W.3d 508, 511(Tex. Crim. App.2006). IN explaining how Section 12.42(d) operates, the Court of Criminal Appeals have consistantly held that the State must present evidence which supports the enhancement allegations contained in the indictment. This is because, if the proof at trial fails to correspond with the enhancement allegations, the punishment can not be legally enhanced. Cole V. State, 611 S.W.2d 79, 80(Tex. Crim. App. 1981); Mizell V. State, 119 S.W.3d at 806(Tex. App. 2006); Jordan V. State, 256 S.W.3d 290, 293(Tex.Crim. App. 2008).

Here, in applicant's case now before the Court of Criminal Appeals the record shows that at the punishment hearing the State only asked the court to take judicial notice of the presentence investigation report which did not contain any evidence of any prior felony convictions. (R.R. Vol#3,pp.7, line 6 through pp.8, line 1-15). Thus, the record clearly shows that the State presented no evidence to support the enhancement allegations. Consequently, no rational trier of fact could have found the enhancement allegations true beyond a reasonable doubt. In conclusion, the findings of the trial court should be overruled and applicant's sentence set aside and remanded back tothe trial court for a new punishment hearing.

Ground Number Two and Three

In ground number two, applicant argued that his sentence of thirty years is void because the State presented "no evidence to support the enhancement allegations required by Section 12.42(d), Texas Penal Code, thereby denying him due process under the State and Federal Constitution.

4

In ground number three, Applicant argues that he was denied due process and due course of law when the State presented "no evidence" to support the enhancement allegations as required by Section 12.42 (d), Texas Penal Code; thereby making his thirty year sentence void.

**State's Reply To Petition For Writ Of Habeas Corpus**

In addressing grounds two and three, the district attorney argued that relief should be denied because:

"The record herein is not totally devoid of evidentiary support for enhancing the applicant's sentencing range." (See: State's Reply,pp.5).

More specifically, the district attorney argues that there is some evidence to support the enhancement allegations based upon (1) "The applicant entered a judicial confession admitting to all of the allegations in the indictment, including the enhancement and habitual allegations; and (2) "The applicant waived his right to the appearance,confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence." (State's Reply, pp.5).

However, the district attorney failed to address applicant's constitutional questions of law and fact regarding applicant's claim that the State presented "no evidence" to support the essential elements of the enhancement paragraph as required by Section 12.42(d), Texas Penal Code; Article 1.15, Texas Code of Criminal Procedure; and due process under the Fifth and Fourteenth Amendment of the United States Constitution. (State's Reply; pp.5-6).

Applicant maintains that proof of prior felony convictions requires more than (1) applicant's judicial confession admitting to all of the allegations in the indictment, and (2) applicant's waiver of his right to the appearance, confrontation and cross-examination of witnesses." This is because the courts have long held that in all criminal prosecutions regardless of the plea or whether the punishment is assessed by the judge or the jury, in no event shall a person charged with a criminal offense be convicted upon his plea without sufficient evidence to support the same. Article 1.15, Texas Code Of Criminal Procedure; Stone V. State, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996); Messer V. State, 729 S.W.2d 694,698(Tex.Crim.App.1986); Stokes V. Procunier, 744 F.2d at 483; Thompson V. Louisville, 362 U.S. 199, 80 S.CT. 624(1978).

5

Furthermore, proof of prior convictions contained within the presentence investigation report is inadmissible as proof of a final conviction where the P.S.I. report did not contain certified copies of prior judgment of convictions against the applicant. Garcia V. State, 930 S..W.2d 621, 623(Tex.Crim. App.1996). Likewise, in order for a stipulation to be considered as evidence where the plea is before the court, the state must introduce a copy of the judgment and sentence in each case for enhancement purpose. See: Messer, 729 S.W.2d at 698; Stone, 919 S.W.2d at 426; Ex parte Brown, 757 S.W.2d at 368; Ex parte Rich, 194 S.W.3d at 513.

Here, in applicant's case now before the Court of Criminal Appeals the record shows that the district attorney admitted that the only evidence supporting the enhancing of applicant's punishment at trial are:

*The applicant entered a judicial confession admitting to all of the allegations in the indictment, including the enhancement and habitual allegations.

*The applicant waived his right to the appearance, confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence. (See: State's Reply, pp.5).

In conclusion, the record clearly shows that the State denied applicant due process and due course of law when the district attorney presented "no evidence" at trial to support the enhancement allegations as required by Section 12.42(d), Texas Penal Code; Article 1.15, Texas Code of Criminal Procedure; and the Fifth and Fourteenth Amendment of the United States Constitution. Consequently, no rational trier of fact could have found the essential elements of the enhancement allegations true beyond a reasonable doubt.

Habeas Court Memorandum / Findings

In addressing ground number two and three, the trial court erred in stating :
"The Court finds that the applicant's judicial confession provides some evidence supporting the enhancement of his sentencing range to habitual offender status. The Court recommends that grounds for relief be denied. (See: Memorandum / Findings, pp. 1).

6

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation that ground two and three be denied based upon the trial court's finding that--"applicant's judicial confession (standing alone) provides some evidence supporting the enhancement of his sentencing range to habitual offender status." Applicant maintains that his judicial confession standing alone is not enough to support proof of a final conviction, where the P.S.I. report did not contain certified copies of prior judgment of convictions against him. See: Garcia V. State, 930 S.W.2d 621, 623(Tex. App. 1996); Ex parte Brown, 757 S.W.2d at 368; Ex parte Rich, 194 S.W.3d at 513.

The Texas Court of Criminal Appeals have long held that in all criminal prosecutions regardless of the plea or whether the punishment is assessed by the judge or the jury, in no event shall a person charged with a criminal offense be convicted upon his plea without sufficient evidence to support the same. Article 1.15, Texas Code of Criminal Procedure; Stone V. State, 919 S.W.2d 424. 426(Tex. Crim. App. 1996); Messer V. State, 729 S.W.2d 694, 698(Tex. Crim.App. 1986). LIkewise, allegations of prior convictions contained within the presentence investigation report is inadmissible as proof of a final conviction, where the P.S.I. report did not contain certified copies of prior judgments of convictions against the applicant. Garcia, 930 S.W.2d at 623. In summary, the State must introduce a copy of each judgment of conviction, in each case used for enhancement purpose. See: Section 12.42(d), Texas Penal Code; Terrell V. State, 228 S.W.3d 343 at 346; Ex parte Rich, 194 S.W.3d at 513.

Here, in applicant's case now before the Texas Court of Criminal Appeals, the record shows that the State prosecuting attorney only asked the trial court to take judicial notice of the presentence investigation report and then rested without presenting any evidence of a judgment of prior conviction. (See: R.R. Vol#2,pp.114, line 16-21) and (R.R. Vol#3,pp. 7, line 6 through pp.8, line 1-15). Furthermore, there were "no evidence" of prior convictions contained within the P.S.I. report. Thus, based upon the record, no rational trier of fact could have found the enhancement allegations true beyond a reasonable doubt. In conclusion, the recommendation of the trial court must be overruled and applicant's case remanded back to the trial ccourt for a new punishment hearing.

7

## Ground Number Four And Five

In ground number four and five, Applicant argued that Detective Anderson violated his Miranda Right guaranteed to him by the fifth and fourteenth amendment of the United State Constitution when he failed to read the full "Miranda Warning" to him as required by Article 38.22 § 3(a)(2), Texas Code of Criminal Proceedure.

In ground number five, Applicant argued that Detective Anderson violated his due process right under the fifth and fourteenth amendment of the United States Constitution when he threatend physical harm to him and his property in order to coerce him to give a self-incriminating statement against himself.

## State's Reply To Petition For Writ of Habeas Corpus

In addressing ground number four and five, the district attorney argued that relief should be denied because:

"The applicant's Miranda and due process grounds for relief are not cognizable because these same complaints were rejected on direct appeal." (See; State's Reply, pp.6).

However, the district attorney has failed to address applicant's constitutional questions of law and fact regarding additional evidence that is being presented for the first time in this foregoing habeas corpus petition that was not presented on direct appeal. This evidence creates an exception to the general rule that claims raised and rejected on direct appeal are not cognizable on habeas corpus. Ex parte Schuessler, 846 S.W.2d at 852(TEx. Crim. App.1992); Ex parte Goodman, 816 S.W.2d 383, 385(Tex. Crim, App. 1991); Ex parte Russell, 738 S.W.2d 644, 646(Tex. Crim.App. 1986).

## Habeas Court Memorandum / Findings

In addressing ground number four and five, the trial court erred in stating: "The Court finds that the applicant's miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal." (See; Memorandum/Finding, pp. 1).

8

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation that ground four and five be denied based upon the trial court's finding that:

"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal." (See: Memorandum / Finding, pp.1).

Applicant maintains that his claims presented in ground numbers four and five of the foregoing habeas corpus petition should not be subjected to procedural bar, because his claims now before the court are fundamental constitutional claims that are based upon new theories that were not presented on direct appeal. Ex parte Goodman, 816 S.W.2d 383, 385(Tex. Crim. App. 1991); Ex parte Russell, 738 S.W.2d 644(Tex. Crim. App.1986); Ex parte Schuessler, 846 S.W.2d at 852(Tex. Crim. App. 1992). The law is clear, although habeas corpus is traditionally unavailable to review matters which were raised and rejected on appeal, claims involving jurisdictional defects or invoking fundamental constitutional rights may be raised. Ex parte Schussler, 846 S.W.2d at 852 (Tex. Crim. App. 1992)(granting relief due to lack of jurisdiction); Ex parte Russell, 738 S.W.2d 644(Tex. Crim. App. 1986)(granting relief due to improper admission of void prior conviction); Ex parte Bravo, 702 S.W.2d 189(Tex Crim.App. 1982)(granting relief do to the improper excusal of a veniremember); Ex parte Clark, 597 S.W.2d 760(Tex. Crim.App.1979)(granting relief due to the trial court's failure to apply the law to the facts of the case).

Here, in applicant's case now before the Texas Court of Criminal Appeals, the record shows that on direct appeal Cotten argued that the trial court erred in failing to suppress his first statement because it's procurement violated his constitutional right under Miranda V. Arizona, and his statutory rights under Article 38.22 of the Texas Code of Criminal Procedure. (See: Opinion of the Eight District Court of Appeals, pp.4). However, a review of applicant's habeas corpus claim now before the Court of Criminal Appeals shows that he now argues that --"Detective Anderson violated his Miranda Right guaranteed to him by the Fifth and Fourteenth Amendment of the United States Constitution when he failed to read the "full miranda warning" to him as required by Article 38.22 § 3(a)(2), Texas Code of Criminal Procedure. (See: Memorandum of Law, pp.14).

9

After comparing applicant's ground number four in his habeas corpus petition to applicant's claim number one on direct appeal it becomes clear that the claims are not the same, because applicant is now presenting a constitutional issue of fundamental error based upon a theory not alleged on direct appeal. Consequently, the trial court's finding that --"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal"-- must be overruled and the cause remanded back to the trial court for a new trial.

Likewise, a review of applicant's second claim on direct appeal shows that he argued that his waiver of his statutory rights was not knowingly, intelligently, and voluntarily made. (See: Opinion of the Eight Court of Appeals, pp.5). However, a review of applicant's fifth ground for review on his habeas corpus petition shows that he alleged that --"Detective Anderson violated his due process right under the Fifth and Fourteenth Amendment of the United States Constitution when he threatened physical abuse to applicant and his property in order to coerce him to give a self-incriminating statement against himself. (See: Applicant's Memorandum of Law, pp.17).

In summary, after comparing applicant's ground number five in his habeas corpus petition to applicant's claim number two on his direct appeal, it becomes clear that the claims are not the same because applicant is now presenting a constitutional issue of fundamental error based upon a theory not alleged on direct appeal. Consequently, the trial court's finding that --"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal"--must be overruled and the case remanded back to the trial court for a new trial.

## Conclusion

In conclusion, the findings of fact and conclusion of law recommended by the trial court must be overruled and applicant granted a new punishment hearing based upon grounds one, two and three. Or in the alternative, applicant's cause should be reversed and remanded for a new trial based upon grounds number four and five. Applicant So Moves The Court.

Respectfully Submitted:

Matthew Cotten No. 1826716
Coffield Unit
2661 F.M. 2054
Tennessee Colony, Texas 75884

10

## Certificate Of Service

I, Matthew Cotten, Applicant, Pro se, do hereby certify that a true and correct copy of this foregoing instrument has been served upon Steven W. Conder, Assistant District Attorney, 401 W. Belknap, Fort Worth, Texas 76196-0201. Executed on this **25th** day of February, 2015.

Sign: *Matthew Cotten*

Matthew Cotten No. 1826716

Applicant, Pro se

11

Writ No. C-432-010373-1227020-A

Ex Parte                                    §            In The 432nd Judicial
                                            §
                                            §            District Court
                                            §
Matthew Cotten                              §            Tarrant County, Texas


Applicant's Traverse To The Trial Court's Findings Of Facts
And   Conclusion Of Law

To The Honorable  Court Of Criminal Appeals:

Now Comes, Matthew Cotten, Applicant, Pro se, and files this "Applicant's Traverse To The Trial Court's Findings Of Fact And Conclusion Of Law" asking the Court Of Criminal Appeals to grant this foregoing State post conviction writ of habeas corpus. And in support thereof will show this court the following:

Grounds For Relief

On January 4, 2015, Applicant filed this foregoing writ of habeas corpus alleging five constitutional violations during the course of his trial court proceeding.

In ground nuber one, Applicant contends that his sentence of **thirty**  years in Cause No. 1227020D , is illegal because the "Judgment of Conviction By Court" and the "Record At Trial" shows  that the trial court found only one enhancement paragraph true; thereby making his  punishment excessive.

In ground number two, Applicant contends that his  sentence of **thirty** years in Cause No. 1227020D , is void because  the State presented "No Evidence" to support the enhancement paragraphs alleged in the indictment, as  required by Section 12.42(d), Texas Penal Code, thereby denying him due process under the State and Federal Constitution.

In ground number three, Applicant contends  that he  was  denied due process and due  course of law  when the State presented "no evidence" to support the enhancement allegations as required by  Section 12.42(d), Texas Penal Code; thereby  making his thirty year sentence void.

In ground number four, Applicant contends that Detective Anderson violated his "Miranda Right" quaranteed to him by the Fifth and Fourteenth Amendment, when he failed to read the full "Miranda Warning" as required by Article 38.22§ 3(a)(2), Texas Code of Criminal Procedure.

In ground number five, Applicant contends that Detective Anderson violated his "Due Process Right" under the Fifth and Fourteenth Amendment, when he threatened physical abuse to applicant in order to coerce him to give a self-incriminating statement against himself.

## Argument And Authorities

### Ground Number One

In ground number one, Applicant argued that his sentence of thirty years in Cause No. 1227020D is illegal because the ""Judgment Of Conviction By Court" and the "Record At Trial" shows that the trial court found only one enhancement paragraph true, thereby making his punishment excessive.

### State's Reply To Petition For Writ Of Habeas Corpus

In addressing ground number one, the district attorney argued that relief should be denied simply because —"the indictment alleged two prior felony convictions: a 2003 conviction for possession of a firearm by a felon, and a 1997 conviction for burglary of a habitation. The trial court found these prior convictions to be true. Thus, the applicant qualifies as a habitual felony offender. The applicant's thirty year sentence is within the statutory range for a habitual felony offender. As such, his sentence is not excessive." (See; State's Reply To Petition For Writ Of Habeas Corpus, pp.4).

However, the district attorney failed to address applicant's constitutional questions of law and fact regarding the applicant's claim that the record affirmatively reflects that his sentence is illegal because the "Judgment of Conviction By Court" and the "Reporters Record at trial", both affirmatively reflects that the trial court only found one enhancement paragraph true, thereby acquitting applicant of the habitual offender allegations. (See: Judgment Of Conviction By Court, Appendix No. 1-5, and R.R. Vol#2, pp. 109 through pp. 114).

2

Applicant maintains that because the "Judgment of Conviction and the Reporter's Record" at trial shows that applicant plead "True" only once during the entire course of trial, and the trial court found only one enhancement paragraph to be true (See: R.R. Vol#2,pp.109 through pp.114) there is no evidence contained within the record to support the trial court's habitual offender finding. Therefore, the habeas court's findings is not entitled to the presumption of correctness under 28 U.S.C. §2254(e)(1).

## Habeas Court Memorandum/ Findings

On February 2, 2015, the habeas court issues it's "Memorandum / Findings" adopting the district attorney's interpertation of the events on all five constitutional claims without addresssng applicant's questions of law and fact:

In addressing ground number one, the trial court simply stated without any decussion--"The Court finds that the applicant's thirty year sentence is not excessive. The court recommends that this ground for relief be denied." (See: Memorandum / Findings, pp.1).

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation to ground number one based upon the fact that the trial court's findings is contradicted by the record of evidence at trial which shows that the trial court only found one enhancement paragraph to be true. (See: Judgment of Conviction By Court and (R.R. Vol#2,pp.109 through pp.114).

A review of the "Judgment of Conviction By Court" at trial clearly shows that applicantplead "True" to only one enhancement paragraph and the trial court found only one enhancement paragraph true. (See: Judgment of ConvictionBy Court-Waiver of JUry Trial"). Likewise, a review ofthe punishment hearing shows that the State never presented any evidenceto support the enhancement allegations thereby making the trial court's sentence of thirty years void. Moreover, the record shows that the district attorney only asked the trial court to take judical notice of the presentence investigation report and then rested. (R.R. Vol#3,pp.7, line 6 through pp.8, line 1-15). Nevertheless, without any evidence beingpresented at trial to support the enhancement allegation, the trial court illegally concluded:

"Based upon the foregoing evidence and the information that's been provided to

3

the court and your admission, the court hereby finds you guilty of all five cause numbers in 1222336, 1227019, 1227020, 1227021, 1227111, all respectively styled the State of Texas versus Matthew C. Cotten. The respective enhancements are also found to be true. In the cause numbers, with the exception of 1227111, the Court hereby sentences you to 30 years in the Institutional Division of the Texas Department of Criminal Justice. In Cause No. 1227111, theCourt hereby sentences you to 20 years in the Institutional Division of the Texas Department of Criminal Justice." (R.R. Vol#3,pp.86,line 18 through pp.87,line1-7).

Section 12.42(d), Texas Penal Code governs the punishment for habitual felony offenders, and requires the State to present evidence of two prior felony offenses inorder to sentence anyone as a habitual offender. Ex Parte Rich, 194 S.W.3d 508, 511(Tex. Crim. App.2006). IN explaining how Section 12.42(d) operates, the Court of Criminal Appeals have consistantly held that the State must present evidence which supports the enhancement allegations contained in the indictment. This is because, if the proof at trial fails to correspond with the enhancement allegations, the punishment can not be legally enhanced. Cole V. State, 611 S.W.2d,79, 80(Tex. Crim. App. 1981); Mizell V. State, 119 S.W.3d at 806(Tex. App. 2006); Jordan V. State, 256 S.W.3d 290, 293(Tex.Crim. App. 2008).

Here, in applicant's case now before the Court of Criminal Appeals the record shows that at the punishment hearing the State only asked the court to take judicial notice of the presentence investigation report which did not contain any evidence of any prior felony convictions. (R.R. Vol#3,pp.7, line 6 through pp.8, line 1-15). Thus, the record clearly shows that the State presented no evidence to support the enhancement allegations. Consequently, no rational trier of fact could have found the enhancement allegations true beyond a reasonable doubt. In conclusion, the findings of the trial court should be overruled and applicant's sentence set aside and remanded back tothe trial court for a new punishment hearing.

## Ground Number Two and Three

In ground number two, applicant argued that his sentence of thirty years is void because the State presented "no evidence to support the enhancement allegations required by Section 12.42(d), Texas Penal Code, thereby denying him due process under the State and Federal Constitution.

4

In ground number three, Applicant argues that he was denied due process and due course of law when the State presented "no evidence" to support the enhancement allegations as required by Section 12.42 (d), Texas Penal Code; thereby making his thirty year sentence void.

State's Reply To Petition For Writ Of Habeas Corpus

In addressing grounds two and three, the district attorney argued that relief should be denied because:

"The record herein is not totally devoid of evidentiary support for enhancing the applicant's sentencing range." (See: State's Reply,pp.5).

More specifically, the district attorney argues that there is some evidence to support the enhancement allegations based upon (1) "The applicant entered a judicial confession admitting to all of the allegations in the indictment, including the enhancement and habitual allegations; and (2) "The applicant waived his right to the appearance,confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence." (State's Reply, pp.5).

However, the district attorney failed to address applicant's constitutional questions of law and fact regarding applicant's claim that the State presented "no evidence" to support the essential elements of the enhancement paragraph as required by Section 12.42(d), Texas Penal Code; Article 1.15, Texas Code of Criminal Procedure; and due process under the Fifth and Fourteenth Amendment of the United States Constitution. (State's Reply, pp.5-6).

Applicant maintains that proof of prior felony convictions requires more than (1) applicant's judicial confession admitting to all of the allegations in the indictment, and (2) applicant's waiver of his right to the appearance, confrontation and cross-examination of witnesses." This is because the courts have long held that in all criminal prosecutions regardless of the plea or whether the punishment is assessed by the judge or the jury, in no event shall a person charged with a criminal offense be convicted upon his plea without sufficient evidence to support the same. Article 1.15, Texas Code Of Criminal Procedure; Stone V. State, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996); Messer V. State, 729 S.W.2d 694,698(Tex.Crim.App.1986); Stokes V. Procunier, 744 F.2d at 483; Thompson V. Louisville, 362 U.S. 199, 80 S.CT. 624(1978).

5

Furthermore, proof of prior convictions contained within the presentence investigation report is inadmissible as proof of a final conviction where the P.S.I. report did not contain certified copies of prior judgment of convictions against the applicant. Garcia V. State, 930 S..W.2d 621, 623(Tex.Crim. App.1996). Likewise, in order for a stipulation to be considered as evidence where the plea is before the court, the state must introduce a copy of the judgment and sentence in each case for enhancement purpose. See: Messer, 729 S.W.2d at 698; Stone, 919 S.W.2d at 426; Ex parte Brown, 757 S.W.2d at 368; Ex parte Rich, 194 S.W.3d at 513.

Here, in applicant's case now before the Court of Criminal Appeals the record shows that the district attorney admitted that the only evidence supporting the enhancing of applicant's punishment at trial are:

*The applicant entered a judicial confession admitting to all of the allegations in the indictment, including the enhancement and habitual allegations.

*The applicant waived his right to the appearance, confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence. (See: State's Reply, pp.5).

In conclusion, the record clearly shows that the State denied applicant due process and due course of law when the district attorney presented "no evidence" at trial to support the enhancement allegations as required by Section 12.42(d), Texas Penal Code; Article 1.15, Texas Code of Criminal Procedure; and the Fifth and Fourteenth Amendment of the United States Constitution. Consequently, no rational trier of fact could have found the essential elements of the enhancement allegations true beyond a reasonable doubt.

Habeas Court Memorandum / Findings

In addressing ground number two and three, the trial court erred in stating : "The Court finds that the applicant's judicial confession provides some evidence supporting the enhancement of his sentencing range to habitual offender status. The Court recommends that grounds for relief be denied. (See: Memorandum / Findings, pp. 1).

6

**Applicant's Traverse To The Trial Court's Findings**

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation that ground two and three be denied based upon the trial court's finding that--"applicant's judicial confession (standing alone) provides some evidence supporting the enhancement of his sentencing range to habitual offender status." Applicant maintains that his judicial confession standing alone is not enough to support proof of a final conviction, where the P.S.I. report did not contain certified copies of prior judgment of convictions against him. See: Garcia V. State, 930 S.W.2d 621, 623(Tex. App. 1996); Ex parte Brown, 757 S.W.2d at 368; Ex parte Rich, 194 S.W.3d at 513.

The Texas Court of Criminal Appeals have long held that in all criminal presecutions regardless of the plea or whether the punishment is assessed by the judge or the jury, in no event shall a person charged with a criminal offense be convicted upon his plea without sufficient evidence to support the same. Article 1.15, Texas Code of Criminal Procedure; Stone V. State, 919 S.W.2d 424. 426(Tex. Crim. App. 1996); Messer V. State, 729 S.W.2d 694, 698(Tex. Crim.App. 1986). LIkewise, allegations of prior convictions contained within the presentence investigation report is inadmissible as proof of a final conviction, where the P.S.I. report did not contain certified copies of prior judgments of convictions against the applicant. Garcia, 930 S.W.2d at 623. In summary, the State must introduce a copy of each judgment of conviction, in each case used for enhancement purpose. See: Section 12.42(d), Texas Penal Code; Terrell V. State, 228 S.W.3d 343 at 346; Ex parte Rich, 194 S.W.3d at 513.

Here, in applicant's case now before the Texas Court of Criminal Appeals, the record shows that the State prosecuting attorney only asked the trial court to take judicial notice of the presentence investigation report and then rested without presenting any evidence of a judgment of prior conviction. (See: R.R. Vol#2,pp.114, line 16-21) and (R.R. Vol#3,pp. 7, line 6 through pp.8, line 1-15). Furthermore, there were "no evidence" of prior convictions contained within the P.S.I. report. Thus, based upon the record, no rational trier of fact could have found the enhancement allegations true beyond a reasonable doubt. In conclusion, the recommendation of the trial court must be overruled and applicant's case remanded back to the trial ccourt for a new punishment hearing.

7

## Ground Number Four And Five

In ground number four and five, Applicant argued that Detective Anderson violated his Miranda Right guaranteed to him by the fifth and fourteenth amendment of the United State Constitution when he failed to read the full "Miranda Warning" to him as required by Article 38.22-§-3(a)(2), Texas Code of Criminal Proceedure.

In ground number five, Applicant argued that Detective Anderson violated his due process right under the fifth and fourteenth amendment of the United States Constitution when he threatend physical harm to him and his property in order to coerce him to give a self-incriminating statement against himself.

## State's Reply To Petition For Writ of Habeas Corpus

In addressing ground number four and five, the district attorney argued that relief should be denied because:

"The applicant's Miranda and due process grounds for relief are not cognizable because these same complaints were rejected on direct appeal." (See; State's Reply, pp.6).

However, the district attorney has failed to address applicant's constitutional questions of law and fact regarding additional evidence that is being presented for the first time in this foregoing habeas corpus petition that was not presented on direct appeal. This evidence creates an exception to the general rule that claims raised and rejected on direct appeal are not cognizable on habeas corpus. Ex parte Schuessler, 846 S.W.2d at 852(TEx. Crim. App.1992); Ex parte Goodman, 816 S.W.2d 383, 385(Tex. Crim, App. 1991); Ex parte Russell, 738 S.W.2d 644, 646(Tex. Crim.App. 1986).

## Habeas Court Memorandum / Findings

In addressing ground number four and five, the trial court erred in stating:
"The Court finds that the applicant's miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal." (See; Memorandum/Finding, pp. 1).

8

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation that ground four and five be denied based upon the trial court's finding that:

"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal." (See: Memorandum / Finding, pp.1).

Applicant maintains that his claims presented in ground numbers four and five of the foregoing habeas corpus petition should not be subjected to procedural bar, because his claims now before the court are fundamental constitutional claims that are based upon new theories that were not presented on direct appeal. Ex parte Goodman, 816 S. W. 2d 383, 385(Tex. Crim. App. 1991); Ex parte Russell, 738 S.W.2d 644(Tex. Crim. App.1986); Ex parte Schuessler, 846 S.W.2d at 852(Tex. Crim. App. 1992). The law is clear, although habeas corpus is traditionally unavailable to review matters which were raised and rejected on appeal, claims involving jurisdictional defects or invoking fundamental constitutional rights may be raised. Ex parte Schussler, 846 S.W.2d at 852 (Tex. Crim. App. 1992)(granting relief due to lack of jurisdiction); Ex parte Russell, 738 S.W.2d 644(Tex. Crim. App. 1986)(granting relief due to improper admission of void prior conviction); Ex parte Bravo, 702 S.W.2d 189(Tex. Crim.App. 1982)(granting relief do to the improper excusal of a veniremember); Ex parte Clark, 597 S.W.2d 760(Tex. Crim.App.1979)(granting relief due to the trial court's failure to apply the law to the facts of the case).

Here, in applicant's case now before the Texas Court of Criminal Appeals, the record shows that on direct appeal Cotten argued that the trial court erred in failing to suppress his first statement because it's procurement violated his constitutional right under Miranda V. Arizona, and his statutory rights under Article 38.22 of the Texas Code of Criminal Procedure. (See: Opinion of the Eight District Court of Appeals, pp.4). However, a review of applicant's habeas corpus claim now before the Court of Criminal Appeals shows that he now argues that --"Detective Anderson violated his Miranda Right guaranteed to him by the Fifth and Fourteenth Amendment of the United States Constitution when he failed to read the "full miranda warning" to him as required by Article 38.22 § 3(a)(2), Texas Code of Criminal Procedure. (See: Memorandum of Law, pp.14).

9

After comparing applicant's ground number four in his habeas corpus petition to applicant's claim number one on direct appeal it becomes clear that the claims are not the same, because applicant is now presenting a constitutional issue of fundamental error based upon a theory not alleged on direct appeal. Consequently, the trial court's finding that --"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal"-- must be overruled and the cause remanded back to the trial court for a new trial.

Likewise, a review of applicant's second claim on direct appeal shows that he argued that his waiver of his statutory rights was not knowingly, intelligently, and voluntarily made. (See: Opinion of the Eight Court of Appeals, pp.5). However, a review of applicant's fifth ground for review on his habeas corpus petition shows that he alleged that --"Detective Anderson violated his due process right under the Fifth and Fourteenth Amendment of the United States Constitution when he threatened physical abuse to applicant and his property in order to coerce him to give a self-incriminating statement against himself. (See: Applicant's Memorandum of Law, pp.17).

In summary, after comparing applicant's ground number five in his habeas corpus petition to applicant's claim number two on his direct appeal, it becomes clear that the claims are not the same because applicant is now presenting a constitutional issue of fundamental error based upon a theory not alleged on direct appeal. Consequently, the trial court's finding that --"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal"--must be overruled and the case remanded back to the trial court for a new trial.

## Conclusion

In conclusion, the findings of fact and conclusion of law recommended by the trial court must be overruled and applicant granted a new punishment hearing based upon grounds one, two and three. Or in the alternative, applicant's cause should be reversed and remanded for a new trial based upon grounds number four and five. Applicant So Moves The Court.

Respectfully Submitted:

Matthew Cotten

Matthew Cotten No. 1826716

Coffield Unit

2661 F.M. 2054

Tennessee Colony, Texas 75884

10

## Certificate Of Service

I, Matthew Cotten, Applicant, Pro se, do hereby certify that a true and correct copy of this foregoing instrument has been served upon Steven W. Conder, Assistant District Attorney, 401 W. Belknap, Fort Worth, Texas 76196-0201. Executed on this 25th day of February, 2015.

Sign: *Matthew Cotten*

Matthew Cotten No. 1826716

Applicant, Pro se

11

Writ No. C-432-010374-1227021-A

Ex Parte

§     In The 432nd Judicial

§

§     District Court

§

Matthew Cotten

§     Tarrant County, Texas

## Applicant's Traverse To The Trial Court's Findings Of Facts And Conclusion Of Law

To The Honorable Court Of Criminal Appeals:

Now Comes, Matthew Cotten, Applicant, Pro se, and files this "Applicant's Traverse To The Trial Court's Findings Of Fact And Conclusion Of Law" asking the Court Of Criminal Appeals to grant this foregoing State post conviction writ of habeas corpus. And in support thereof will show this court the following:

## Grounds For Relief

On January 4, 2015, Applicant filed this foregoing writ of habeas corpus alleging five constitutional violations during the course of his trial court proceeding.

In ground nuber one, Applicant contends that his sentence of thirty years in Cause No. 1227021D , is illegal because the "Judgment of Conviction By Court" and the "Record At Trial" shows that the trial court found only one enhancement paragraph true; thereby making his punishment excessive.

In ground number two, Applicant contends that his sentence of thirty years in Cause No. 1227021D , is void because the State presented "No Evidence" to support the enhancement paragraphs alleged in the indictment, as required by Section 12.42(d), Texas Penal Code, thereby denying him due process under the State and Federal Constitution.

In ground number three, Applicant contends that he was denied due process and due course of law when the State presented "no evidence" to support the enhancement allegations as required by Section 12.42(d), Texas Penal Code; thereby making his thirty year sentence void.

In ground number four, Applicant contends that Detective Anderson violated his "Miranda Right" guaranteed to him by the Fifth and Fourteenth Amendment, when he failed to read the full "Miranda Warning" as required by Article 38.22§ 3(a)(2), Texas Code of Criminal Procedure.

In ground number five, Applicant contends that Detective Anderson violated his "Due Process Right" under the Fifth and Fourteenth Amendment, when he threatened physical abuse to applicant in order to coerce him to give a self-incriminating statement against himself.

## Argument And Authorities

### Ground Number One

In ground number one, Applicant argued that his sentence of thirty years in Cause No. 1222336D is illegal because the""Judgment Of Conviction By Court" and the "Record At Trial" shows that the trial court found only one enhancement paragraph true, thereby making his punishment excessive.

### State's Reply To Petition For Writ Of Habeas Corpus

In addressing ground number one, the district attorney argued that relief should be denied simply because --"the indictment alleged two prior felony convictions: a 2003 conviction for possession of a firearm by a felon, and a 1997 conviction for burglary of a habitation. The trial court found these prior convictions to be true. Thus, the applicant qualifies as a habitual felony offender. The applicant's thirty year sentence is within the statutory range for a habitual felony offender. As such, his sentence is not excessive." (See; State's Reply To Petition For Writ Of Habeas Corpus, pp.4).

However, the district attorney failed to address applicant's constitutional questions of law and fact regarding the applicant's claim that the record affirmatively reflects that his sentence is illegal because the "Judgment of Conviction By Court" and the "Reporters Record at trial", both affirmatively reflects that the trial court only found one enhancement paragraph true, thereby acquitting applicant of the habitual offender allegations. (See: Judgment Of Conviction By Court, Appendix No. 1-5, and R.R. Vol#2, pp. 109 through pp. 114).

2

Applicant maintains that because the "Judgment of Conviction and the Reporter's Record" at trial shows that applicant plead "True" only once during the entire course of trial, and the trial court found only one enhancement paragraph to be true (See: R.R. Vol#2,pp.109 through pp.114) there is no evidence contained within the record to support the trial court's habitual offender finding. Therefore, the habeas court's findings is not entitled to the presumption of correctness under 28 U.S.C. §2254(e)(1).

## Habeas Court Memorandum/ Findings

On February 2, 2015, the habeas court issues it's "Memorandum / Findings" adopting the district attorney's interpertation of the events on all five constitutional claims without addresssng applicant's questions of law and fact:

In addressing ground number one, the trial court simply stated without any decussion—"The Court finds that the applicant's thirty year sentence is not excessive. The court recommends that this ground for relief be denied." (See: Memorandum / Findings, pp.1).

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation to ground number one based upon the fact that the trial court's findings is contradicted by the record of evidence at trial which shows that the trial court only found one enhancement paragraph to be true. (See: Judgment of Conviction By Court and (R.R. Vol#2,pp.109 through pp.114).

A review of the "Judgment of Conviction By Court" at trial clearly shows that applicantplead "True" to only one enhancement paragraph and the trial court found only one enhancement paragraph true. (See: Judgment of ConvictionBy Court-Waiver of JUry Trial"). Likewise, a review of the punishment hearing shows that the State never presented any evidenceto support the enhancement allegations thereby making the trial court's sentence of thirty years void. Moreover, the record shows that the district attorney only asked the trial court to take judical notice of the presentence investigation report and then rested. (R.R. Vol#3,pp.7, line 6 through pp.8, line 1-15). Nevertheless, without any evidence beingpresented at trial to support the enhancement allegation, the trial court illegally concluded:

"Based upon the foregoing evidence and the information that's been provided to

3

the court and your admission, the court hereby finds you guilty of all five cause numbers in 1222336, 1227019, 1227020, 1227021, 1227111, all respectively styled the State of Texas versus Matthew C. Cotten. The respective enhancements are also found to be true. In the cause numbers, with the exception of 1227111, the Court hereby sentences you to 30 years in the Institutional Division of the Texas Department of Criminal Justice. In Cause No. 1227111, theCourt hereby sentences you to 20 years in the Institutional Division of the Texas Department of Criminal Justice." (R.R. Vol#3,pp.86,line 18 through pp.87,line1-7).

Section 12.42(d), Texas Penal Code governs the punishment for habitual felony offenders, and requires the State to present evidence of two prior felony offenses inorder to sentence anyone as a habitual offender. Ex Parte Rich, 194 S.W.3d 508, 511(Tex. Crim. App.2006). IN explaining how Section 12.42(d) operates, the Court of Criminal Appeals have consistantly held that the State must present evidence which supports the enhancement allegations contained in the indictment. This is because, if the proof at trial fails to correspond with the enhancement allegations, the punishment can not be legally enhanced. Cole V. State, 611 S.W.2d 79, 80(Tex. Crim. App. 1981); Mizell V. State, 119 S.W.3d at 806(Tex. App. 2006); Jordan V. State, 256 S.W.3d 290, 293(Tex.Crim. App. 2008).

Here, in applicant's case now before the Court of Criminal Appeals the record shows that at the punishment hearing the State only asked the court to take judicial notice of the presentence investigation report which did not contain any evidence of any prior felony convictions. (R.R. Vol#3,pp.7, line 6 through pp.8, line 1-15). Thus, the record clearly shows that the State presented no evidence to support the enhancement allegations. Consequently, no rational trier of fact could have found the enhancement allegations true beyond a reasonable doubt. In conclusion, the findings of the trial court should be overruled and applicant's sentence set aside and remanded back tothe trial court for a new punishment hearing.

Ground Number Two and Three

In ground number two, applicant argued that his sentence of thirty years is void because the State presented "no evidence to support the enhancement allegations required by Section 12.42(d), Texas Penal Code, thereby denying him due process under the State and Federal Constitution.

4

In ground number three, Applicant argues that he was denied due process and due course of law when the State presented "no evidence" to support the enhancement allegations as required by Section 12.42 (d), Texas Penal Code; thereby making his thirty year sentence void.

**State's Reply To Petition For Writ Of Habeas Corpus**

In addressing grounds two and three, the district attorney argued that relief should be denied because:

"The record herein is not totally devoid of evidentiary support for enhancing the applicant's sentencing range." (See: State's Reply,pp.5).

More specifically, the district attorney argues that there is some evidence to support the enhancement allegations based upon (1) "The applicant entered a judicial confession admitting to all of the allegations in the indictment, including the enhancement and habitual allegations; and (2) "The applicant waived his right to the appearnce, confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence." (State's Reply, pp.5).

However, the district attorney failed to address applicant's constitutional questions of law and fact regarding applicant's claim that the State presented "no evidence" to support the essential elements of the enhancement paragraph as required by Section 12.42(d), Texas Penal Code; Article 1.15, Texas Code of Criminal Procedure; and due process under the Fifth and Fourteenth Amendment of the United States Constitution. (State's Reply, pp.5-6).

Applicant maintains that proof of prior felony convictions requires more than (1) applicant's judicial confession admitting to all of the allegations in the indictment, and (2) applicant's waiver of his right to the appearance, confrontation and cross-examination of witnesses." This is because the courts have long held that in all criminal prosecutions regardless of the plea or whether the punishment is assessed by the judge or the jury, in no event shall a person charged with a criminal offense be convicted upon his plea without sufficient evidence to support the same. Article 1.15, Texas Code Of Criminal Procedure; Stone V. State, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996); Messer V. State, 729 S.W.2d 694,698(Tex.Crim.App.1986); Stokes V. Procunier, 744 F.2d at 483; Thompson V. Louisville, 362 U.S. 199, 80 S.CT. 624(1978).

5

Furthermore, proof of prior convictions contained within the presentence investigation report is inadmissible as proof of a final conviction where the P.S.I. report did not contain certified copies of prior judgment of convictions against the applicant. Garcia V. State, 930 S..W.2d 621, 623(Tex.Crim. App.1996). Likewise, in order for a stipulation to be considered as evidence where the plea is before the court, the state must introduce a copy of the judgment and sentence in each case for enhancement purpose. See: Messer, 729 S.W.2d at 698; Stone, 919 S.W.2d at 426; Ex parte Brown, 757 S.W.2d at 368; Ex parte Rich, 194 S.W.3d at 513.

Here, in applicant's case now before the Court of Criminal Appeals the record shows that the district attorney admitted that the only evidence supporting the enhancing of applicant's punishment at trial are:

*The applicant entered a judicial confession admitting to all of the allegations in the indictment, including the enhancement and habitual allegations.

*The applicant waived his right to the appearance, confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence. (See: State's Reply, pp.5).

In conclusion, the record clearly shows that the State denied applicant due process and due course of law when the district attorney presented "no evidence" at trial to support the enhancement allegations as required by Section 12.42(d), Texas Penal Code; Article 1.15, Texas Code of Criminal Procedure; and the Fifth and Fourteenth Amendment of the United States Constitution. Consequently, no rational trier of fact could have found the essential elements of the enhancement allegations true beyond a reasonable doubt.

## Habeas Court Memorandum / Findings

In addressing ground number two and three, the trial court erred in stating : "The Court finds that the applicant's judicial confession provides some evidence supporting the enhancement of his sentencing range to habitual offender status. The Court recommends that grounds for relief be denied. (See: Memorandum / Findings, pp. 1).

6

**Applicant's Traverse To The Trial Court's Findings**

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation that ground two and three be denied based upon the trial court's finding that—"applicant's judicial confession (standing alone) provides some evidence supporting the enhancement of his sentencing range to habitual offender status." Applicant maintains that his judicial confession standing alone is not enough to support proof of a final conviction, where the P.S.I. report did not contain certified copies of prior judgment of convictions against him. See: Garcia V. State, 930 S.W.2d 621, 623(Tex. App. 1996); Ex parte Brown, 757 S.W.2d at 368; Ex parte Rich, 194 S.W.3d at 513.

The Texas Court of Criminal Appeals have long held that in all criminal prosecutions regardless of the plea or whether the punishment is assessed by the judge or the jury, in no event shall a person charged with a criminal offense be convicted upon his plea without sufficient evidence to support the same. Article 1.15, Texas Code of Criminal Procedure; Stone V. State, 919 S.W.2d 424. 426(Tex. Crim. App. 1996); Messer V. State, 729 S.W.2d 694, 698(Tex. Crim.App. 1986). Likewise, allegations of prior convictions contained within the presentence investigation report is inadmissible as proof of a final conviction, where the P.S.I. report did not contain certified copies of prior judgments of convictions against the applicant. Garcia, 930 S.W.2d at 623. In summary, the State must introduce a copy of each judgment of conviction, in each case used for enhancement purpose. See: Section 12.42(d), Texas Penal Code; Terrell V. State, 228 S.W.3d 343 at 346; Ex parte Rich, 194 S.W.3d at 513.

Here, in applicant's case now before the Texas Court of Criminal Appeals, the record shows that the State prosecuting attorney only asked the trial court to take judicial notice of the presentence investigation report and then rested without presenting any evidence of a judgment of prior conviction. (See: R.R. Vol#2,pp.114, line 16-21) and (R.R. Vol#3,pp. 7, line 6 through pp.8, line 1-15). Furthermore, there were "no evidence" of prior convictions contained within the P.S.I. report. Thus, based upon the record, no rational trier of fact could have found the enhancement allegations true beyond a reasonable doubt. In conclusion, the recommendation of the trial court must be overruled and applicant's case remanded back to the trial court for a new punishment hearing.

7

## Ground Number Four And Five

In ground number four and five, Appli'ant argued that Detective Anderson violated his Miranda Right guaranteed to him by the fifth and fourteenth amendment of the United State Constitution when he failed to read the full "Miranda Warning" to him as required by Article 38.22 § 3(a)(2), Texas Code of Criminal Proceedure.

In ground number five, Applicant arg'ed that Detective Anderson violated his due process right under the fifth and fourteenth amendment of the United States Constitution when he threatend physical harm to him and his property in order to coerce him to give a self-incriminating statement against himself.

## State's Reply To Petition For Writ of Habeas Corpus

In addressing ground number four and five, the district attorney argued that relief should be denied because:

"The applicant's Miranda and due process grounds for relief are not cognizable because these same complaints were rejected on direct appeal." (See; State's Reply, pp.6).

However, the district attorney has failed to address applicant's constitutional questions of law and fact regarding additional evidence that is being presented for the first time in this foregoing habeas corpus petition that was not presented on direct appeal. This evidence creates an exception to the general rule that claims raised and rejected on direct appeal are not cognizable on habeas corpus. Ex parte Schuessler, 846 S.W.2d at 852(TEx. Crim. App.1992); Ex parte Goodman, 816 S.W.2d 383, 385(Tex. Crim. App. 1991); Ex parte Russell, 738 S.W.2d 644, 646(Tex. Crim.App. 1986).

## Habeas Court Memorandum / Findings

In addressing ground number four and five, the trial court erred in stating: "The Court finds that the applicant's miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal." (See; Memorandum/Finding, pp. 1).

8

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation that ground four and five be denied based upon the trial court's finding that:

"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal." (See: Memorandum / Finding, pp.1).

Applicant maintains that his claims presented in ground numbers four and five of the foregoing habeas corpus petition should not be subjected to procedural bar, because his claims now before the court are fundamental constitutional claims that are based upon new theories that were not presented on direct appeal. Ex parte Goodman, 816 S.W.2d 383, 385(Tex. Crim. App. 1991); Ex parte Russell, 738 S.W.2d 644(Tex. Crim. App.1986); Ex parte Schuessler, 846 S.W.2d at 852(Tex. Crim. App. 1992). The law is clear, although habeas corpus is traditionally unavailable to review matters which were raised and rejected on appeal, claims involving jurisdictional defects or invoking fundamental constitutional rights may be raised. Ex parte Schussler, 846 S.W.2d at 852 (Tex. Crim. App. 1992)(granting relief due to lack of jurisdiction); Ex parte Russell, 738 S.W.2d 644(Tex. Crim. App. 1986)(granting relief due to improper admission of void prior conviction); Ex parte Bravo, 702 S.W.2d 189(Tex Crim.App. 1982)(granting relief do to the improper excusal of a veniremember): Ex parte Clark, 597 S.W.2d 760(Tex. Crim.App.1979)(granting relief due to the trial court's failure to apply the law to the facts of the case).

Here, in applicant's case now before the Texas Court of Criminal Appeals, the record shows that on direct appeal Cotten argued that the trial court erred in failing to suppress his first statement because it's procurement violated his constitutional right under Miranda V. Arizona, and his statutory rights under Article 38.22 of the Texas Code of Criminal Procedure. (See: Opinion of the Eight District Court of Appeals, pp.4). However, a review of applicant's habeas corpus claim now before the Court of Criminal Appeals shows that he now argues that --"Detective Anderson violated his Miranda Right guaranteed to him by the Fifth and Fourteenth Amendment of the United States Constitution when he failed to read the "full miranda warning" to him as required by Article 38.22 § 3(a)(2), Texas Code of Criminal Procedure. (See: Memorandum of Law, pp.14).

After comparing applicant's ground number four in his habeas corpus petition to applicant's claim number one on direct appeal it becomes clear that the claims are not the same, because applicant is now presenting a constitutional issue of fundamental error based upon a theory not alleged on direct appeal. Consequently, the trial court's finding that --"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal"-- must be overruled and the cause remanded back to the trial court for a new trial.

Likewise, a review of applicant's second claim on direct appeal shows that he argued that his waiver of his statutory rights was not knowingly, intelligently, and voluntarily made. (See: Opinion of the Eight Court of Appeals, pp.5). However, a review of applicant's fifth ground for review on his habeas corpus petition shows that he alleged that --"Detective Anderson violated his due process right under the Fifth and Fourteenth Amendment of the United States Constitution when he threatened physical abuse to applicant and his property in order to coerce him to give a self-incriminating statement against himself. (See: Applicant's Memorandum of Law, pp.17).

In summary, after comparing applicant's ground number five in his habeas corpus petition to applicant's claim number two on his direct appeal, it becomes clear that the claims are not the same because applicant is now presenting a constitutional issue of fundamental error based upon a theory not alleged on direct appeal. Consequently, the trial court's finding that --"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal"--must be overruled and the case remanded back to the trial court for a new trial.

## Conclusion

In conclusion, the findings of fact and conclusion of law recommended by the trial court must be overruled and applicant granted a new punishment hearing based upon grounds one, two and three. Or in the alternative, applicant's cause should be reversed and remanded for a new trial based upon grounds number four and five. Applicant So Moves The Court.

Respectfully Submitted:

*Matthew Cotten*

Matthew Cotten No. 1826716
Coffield Unit

2661 F.M. 2054

Tennessee Colony, Texas 75884

10

## Certificate Of Service

I, Matthew Cotten, Applicant, Pro se, do hereby certify that a true and correct copy of this foregoing instrument has been served upon Steven W. Conder, Assistant District Attorney, 401 W. Belknap, Fort Worth, Texas 76196-0201. Executed on this 25th day of February, 2015.

Sign: _Matthew Cotten_

Matthew Cotten No. 1826716

Applicant, Pro se

11

Writ No. C-432-010375-1227111-A

Ex Parte                                          §        In The 432nd Judicial
                                                  §
                                                  §        District Court
                                                  §
Matthew Cotton                                    §        Tarrant County, Texas


Applicant's Traverse To The Trial Court's Findings Of Facts
And   Conclusion Of Law


To The Honorable  Court Of Criminal Appeals:

     Now Comes, Matthew Cotten, Applicant, Pro se, and files this "Applicant's
Traverse To The Trial Court's Findings Of Fact And Conclusion Of Law" asking the
Court Of Criminal Appeals to grant this foregoing State post conviction writ of
habeas corpus. And in support thereof will show this court the following:


Grounds For Relief
     On January 4, 2015, Applicant filed this foregoing writ of habeas corpus
alleging five constitutional violations during the course of his trial court proceeding.


In ground nuber one, Applicant contends that his sentence of twenty years in Cause
No. 1227111D , is illegal because the "Judgment of Conviction By Court" and the
"Record At Trial" shows  that the trial court found only one enhancement paragraph
true; thereby making his  punishment excessive.


In ground number two, Applicant contends that his  sentence of thirty years in Cause
No. 1227111D , is void because  the State presented "No Evidence" to support the
enhancement paragraphs alleged in the indictment, as  required by Section 12.42(d),
Texas Penal Code, thereby denying him due process under the State and Federal Con-
stitution.


In ground number three, Applicant contends  that he was  denied due process and
due  course of law  when the State presented "no evidence" to support the enhancement
allegations as required by  Section 12.42(d), Texas Penal Code; thereby  making his
thirty year sentence void.

In ground number four, Applicant contends that Detective Anderson violated his "Miranda Right" guaranteed to him by the Fifth and Fourteenth Amendment, when he failed to read the full "Miranda Warning" as required by Article 38.22§ 3(a)(2), Texas Code of Criminal Procedure.

In ground number five, Applicant contends that Detective Anderson violated his "Due Process Right" under the Fifth and Fourteenth Amendment, when he threatened physical abuse to applicant in order to coerce him to give a self-incriminating statement against himself.

## Argument And Authorities

### Ground Number One

In ground number one, Applicant argued that his sentence of twenty years in Cause No. 1227111D is illegal because the""Judgment Of Conviction By Court" and the "Record At Trial" shows that the trial court found only one enhancement paragraph true, thereby making his punishment excessive.

### State's Reply To Petition For Writ Of Habeas Corpus

In addressing ground number one, the district attorney argued that relief should be denied simply because —"the indictment alleged two prior felony convictions: a 2003 conviction for possession of a firearm by a felon, and a 1997 conviction for burglary of a habitation. The trial court found these prior convictions to be true. Thus, the applicant qualifies as a habitual felony offender. The applicant's twenty year sentence is within the statutory range for a habitual felony offender. As such, his sentence is not excessive." (See; State's Reply To Petition For Writ Of Habeas Corpus, pp.4).

However, the district attorney failed to address applicant's constitutional questions of law and fact regarding the applicant's claim that the record affirmatively reflects that his sentence is illegal because the "Judgment of Conviction By Court" and the "Reporters Record at trial", both affirmatively reflects that the trial court only found one enhancement paragraph true, thereby acquitting applicant of the habitual offender allegations. (See: Judgment Of Conviction By Court, Appendix No. 1-5, and R.R. Vol#2, pp. 109 through pp. 114).

2

Applicant maintains that because the "Judgment of Conviction and the Reporter's Record" at trial shows that applicant plead "True" only once during the entire course of trial, and the trial court found only one enhancement paragraph to be true (See: R.R. Vol#2,pp.109 through pp.114) there is no evidence contained within the record to support the trial court's habitual offender finding. Therefore, the habeas court's findings is not entitled to the presumption of correctness under 28 U.S.C. §2254(e)(1).

## Habeas Court Memorandum/ Findings

On February 2, 2015, the habeas court issues it's "Memorandum / Findings" adopting the district attorney's interpertation of the events on all five constitutional claims without addresssng applicant's questions of law and fact:

In addressing ground number one, the trial court simply stated without any decussion--"The Court finds that the applicant's thirty year sentence is not excessive. The court recommends that this ground for relief be denied." (See: Memorandum / Findings, pp.1).

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation to ground number one based upon the fact that the trial court's findings is contradicted by the record of evidence at trial which shows that the trial court only found one enhancement paragraph to be true. (See: Judgment of Conviction By Court and (R.R. Vol#2,pp.109 through pp.114).

A review of the "Judgment of Conviction By Court" at trial clearly shows that applicantplead "True" to only one enhancement paragraph and the trial court found only one enhancement paragraph true. (See: Judgment of ConvictionBy Court-Waiver of JUry Trial"). Likewise, a reviewof the punishment hearing shows that the State never presented any evidenceto support the enhancement allegations thereby making the trial court's sentence of twenty years void. Moreover, the record shows that the district attorney only asked the trial court to take judical notice of the presentence investigation report and then rested. (R.R. Vol#3,pp.7, line 6 through pp.8, line 1-15). Nevertheless, without any evidence beingpresented at trial to support the enhancement allegation, the trial court illegally concluded:

"Based upon the foregoing evidence and the information that's been provided to

3

the court and your admission, the court hereby finds you guilty of all five cause numbers in 1222336, 1227019, 1227020, 1227021, 1227111, all respectively styled the State of Texas versus Matthew C. Cotten. The respective enhancements are also found to be true. In the cause numbers, with the exception of 1227111, the Court hereby sentences you to 30 years in the Institutional Division of the Texas Department of Criminal Justice. In Cause No. 1227111, theCourt hereby sentences you to 20 years in the Institutional Division of the Texas Department of Criminal Justice." (R.R. Vol#3,pp.86,line 18 through pp.87,line1-7).

Section 12.42(d), Texas Penal Code governs the punishment for habitual felony offenders, and requires the State to present evidence of two prior felony offenses inorder to sentence anyone as a habitual offender. Ex Parte Rich, 194 S.W.3d 508, 511(Tex. Crim. App.2006). IN explaining how Section 12.42(d) operates, the Court of Criminal Appeals have consistantly held that the State must present evidence which supports the enhancement allegations contained in the indictment. This is because, if the proof at trial fails to correspond with the enhancement allegations, the punishment can not be legally enhanced. Cole V. State, 611 S.W.2d 79, 80(Tex. Crim. App. 1981); Mizell V. State, 119 S.W.3d at 806(Tex. App. 2006); Jordan V. State, 256 S.W.3d 290, 293(Tex.Crim. App. 2008).

Here, in applicant's case now before the Court of Criminal Appeals the record shows that at the punishment hearing the State only asked the court to take judicial notice of the presentence investigation report which did not contain any evidence of any prior felony convictions. (R.R. Vol#3,pp.7, line 6 through pp.8, line 1-15). Thus, the record clearly shows that the State presented no evidence to support the enhancement allegations. Consequently, no rational trier of fact could have found the enhancement allegations true beyond a reasonable doubt. In conclusion, the findings of the trial court should be overruled and applicant's sentence set aside and remanded back tothe trial court for a new punishment hearing.

Ground Number Two and Three

In ground number two, applicant argued that his sentence of twenty years is void because the State presented "no evidence to support the enhancement allegations required by Section 12.42(d), Texas Penal Code, thereby denying him due process under the State and Federal Constitution.

4

In ground number three, Applicant argues that he was denied due process and due course of law when the State presented "no evidence" to support the enhancement allegations as required by Section 12.42 (d), Texas Penal Code; thereby making his twenty year sentence void.

**State's Reply To Petition For Writ Of Habeas Corpus**

In addressing grounds two and three, the district attorney argued that relief should be denied because:

"The record herein is not totally devoid of evidentiary support for enhancing the applicant's sentencing range." (See: State's Reply,pp.5).

More specifically, the district attorney argues that there is some evidence to support the enhancement allegations based upon (1) "The applicant entered a judicial confession admitting to all of the allegations in the indictment, including the enhancement and habitual allegations; and (2) "The applicant waived his right to the appearance, confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence." (State's Reply, pp.5).

However, the district attorney failed to address applicant's constitutional questions of law and fact regarding applicant's claim that the State presented "no evidence" to support the essential elements of the enhancement paragraph as required by Section 12.42(d), Texas Penal Code; Article 1.15, Texas Code of Criminal Procedure; and due process under the Fifth and Fourteenth Amendment of the United States Constitution. (State's Reply, pp.5-6).

Applicant maintains that proof of prior felony convictions requires more than (1) applicant's judicial confession admitting to all of the allegations in the indictment, and (2) applicant's waiver of his right to the appearance, confrontation and cross-examination of witnesses." This is because the courts have long held that in all criminal prosecutions regardless of the plea or whether the punishment is assessed by the judge or the jury, in no event shall a person charged with a criminal offense be convicted upon his plea without sufficient evidence to support the same. Article 1.15, Texas Code Of Criminal Procedure; Stone V. State, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996); Messer V. State, 729 S.W.2d 694,698(Tex.Crim.App.1986); Stokes V. Procunier, 744 F.2d at 483; Thompson V. Louisville, 362 U.S. 199, 80 S.CT. 624(1978).

5

Furthermore, proof of prior convictions contained within the presentence investigation report is inadmissible as proof of a final conviction where the P.S.I. report did not contain certified copies of prior judgment of convictions against the applicant. Garcia V. State, 930 S..W.2d 621, 623(Tex.Crim. App.1996). Likewise, in order for a stipulation to be considered as evidence where the plea is before the court, the state must introduce a copy of the judgment and sentence in each case for enhancement purpose. See: Messer, 729 S.W.2d at 698; Stone, 919 S.W.2d at 426; Ex parte Brown, 757 S.W.2d at 368; Ex parte Rich, 194 S.W.3d at 513.

Here, in applicant's case now before the Court of Criminal Appeals the record shows that the district attorney admitted that the only evidence supporting the enhancing of applicant's punishment at trial are:

*The applicant entered a judicial confession admitting to all of the allegations in the indictment, including the enhancement and habitual allegations.

*The applicant waived his right to the appearance, confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence. (See: State's Reply, pp.5).

In conclusion, the record clearly shows that the State denied applicant due process and due course of law when the district attorney presented "no evidence" at trial to support the enhancement allegations as required by Section 12.42(d), Texas Penal Code; Article 1.15, Texas Code of Criminal Procedure; and the Fifth and Fourteenth Amendment of the United States Constitution. Consequently, no rational trier of fact could have found the essential elements of the enhancement allegations true beyond a reasonable doubt.

## Habeas Court Memorandum / Findings

In addressing ground number two and three, the trial court erred in stating : "The Court finds that the applicant's judicial confession provides some evidence supporting the enhancement of his sentencing range to habitual offender status. The Court recommends that grounds for relief be denied. (See: Memorandum / Findings, pp. 1).

## Applicant's Traverse To The Trial Court's Findings

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation that ground two and three be denied based upon the trial court's finding that--"applicant's judicial confession (standing alone) provides some evidence supporting the enhancement of his sentencing range to habitual offender status." Applicant maintains that his judicial confession standing alone is not enough to support proof of a final conviction, where the P.S.I. report did not contain certified copies of prior judgment of convictions against him. See: Garcia V. State, 930 S.W.2d 621, 623(Tex. App. 1996); Ex parte Brown, 757 S.W.2d at 368; Ex parte Rich, 194 S.W.3d at 513.

The Texas Court of Criminal Appeals have long held that in all criminal presecutions regardless of the plea or whether the punishment is assessed by the judge or the jury, in no event shall a person charged with a criminal offense be convicted upon his plea without sufficient evidence to support the same. Article 1.15, Texas Code of Criminal Procedure; Stone V. State, 919 S.W.2d 424. 426(Tex. Crim. App. 1996); Messer V. State, 729 S.W.2d 694, 698(Tex. Crim.App. 1986). Likewise, allegations of prior convictions contained within the presentence investigation report is inadmissible as proof of a final conviction, where the P.S.I. report did not contain certified copies of prior judgments of convictions against the applicant. Garcia, 930 S.W.2d at 623. In summary, the State must introduce a copy of each judgment of conviction, in each case used for enhancement purpose. See: Section 12.42(d), Texas Penal Code; Terrell V. State, 228 S.W.3d 343 at 346; Ex parte Rich, 194 S.W.3d at 513.

Here, in applicant's case now before the Texas Court of Criminal Appeals, the record shows that the State prosecuting attorney only asked the trial court to take judicial notice of the presentence investigation report and then rested without pre-senting any evidence of a judgment of prior conviction. (See: R.R. Vol#2,pp.1,4, line 16-21) and (R.R. Vol#3,pp. 7, line 6 through pp.8, line 1-15). Furthermore, there were "no evidence" of prior convictions contained within the P.S.I. report. Thus, based upon the record, no rational trier of fact could have found the enhancement allegations true beyond a reasonable doubt. In conclusion, the recommendation of the trial court must be overruled and applicant's case remanded back to the trial court for a new punishment hearing.

7

## Ground Number Four And Five

In ground number four and five, Applicant argued that Detective Anderson violated his Miranda Right guaranteed to him by the fifth and fourteenth amendment of the United State Constitution when he failed to read the full "Miranda Warning" to him as required by Article 38.22 § 3(a)(2), Texas Code of Criminal Proceedure.

In ground number five, Applicant argued that Detective Anderson violated his due process right under the fifth and fourteenth amendment of the United States Constitution when he threatend physical harm to him and his property in order to coerce him to give a self-incriminating statement against himself.

## State's Reply To Petition For Writ of Habeas Corpus

In addressing ground number four and five, the district attorney argued that relief should be denied because:

"The applicant's Miranda and due process grounds for relief are not cognizable because these same complaints were rejected on direct appeal." (See; State's Reply, pp.6).

However, the district attorney has failed to address applicant's constitutional questions of law and fact regarding additional evidence that is being presented for the first time in this foregoing habeas corpus petition that was not presented on direct appeal. This evidence creates an exception to the general rule that claims raised and rejected on direct appeal are not cognizable on habeas corpus. Ex parte Schuessler, 846 S.W.2d at 852(TEx. Crim. App.1992); Ex parte Goodman, 816 S.W.2d 383, 385(Tex. Crim. App. 1991); Ex parte Russell, 738 S.W.2d 644, 646(Tex. Crim.App. 1986).

## Habeas Court Memorandum / Findings

In addressing ground number four and five, the trial court erred in stating: "The Court finds that the applicant's miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal." (See; Memorandum/Finding, pp. 1).

8

**Applicant's Traverse To The Trial Court's Findings**

Applicant now contends that the Court of Criminal Appeals should not adopt the trial court's recommendation that ground four and five be denied based upon the trial court's finding that:

"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal." (See: Memorandum / Finding, pp.1).

Applicant maintains that his claims presented in ground numbers four and five of the foregoing habeas corpus petition should not be subjected to procedural bar, because his claims now before the court are fundamental constitutional claims that are based upon new theories that were not presented on direct appeal. Ex parte Goodman, 816 S.W.2d 383, 385(Tex. Crim. App. 1991); Ex parte Russell, 738 S.W.2d 644(Tex. Crim. App.1986); Ex parte Schuessler, 846 S.W.2d at 852(Tex. Crim. App. 1992). The law is clear, although habeas corpus is traditionally unavailable to review matters which were raised and rejected on appeal, claims involving jurisdictional defects or invoking fundamental constitutional rights may be raised. Ex parte Schussler, 846 S.W.2d at 852 (Tex. Crim. App. 1992)(granting relief due to lack of jurisdiction); Ex parte Russell, 738 S.W.2d 644(Tex. Crim. App. 1986)(granting relief due to improper admission of void prior conviction); Ex parte Bravo, 702 S.W.2d 189(Tex Crim.App. 1982)(granting relief do to the improper excusal of a veniremember); Ex parte Clark, 597 S.W.2d 760(Tex. Crim.App.1979)(granting relief due to the trial court's failure to apply the law to the facts of the case).

Here, in applicant's case now before the Texas Court of Criminal Appeals, the record shows that on direct appeal Cotten argued that the trial court erred in failing to suppress his first statement because it's procurement violated his constitutional right under Miranda V. Arizona, and his statutory rights under Article 38.22 of the Texas Code of Criminal Procedure. (See: Opinion of the Eight District Court of Appeals, pp.4). However, a review of applicant's habeas corpus claim now before the Court of Criminal Appeals shows that he now argues that --"Detective Anderson violated his Miranda Right guaranteed to him by the Fifth and Fourteenth Amendment of the United States Constitution when he failed to read the "full miranda warning" to him as required by Article 38.22 § 3(a)(2), Texas Code of Criminal Procedure. (See: Memorandum of Law, pp.14).

9

After comparing applicant's ground number four in his habeas corpus petition to applicant's claim number one on direct appeal it becomes clear that the claims are not the same, because applicant is now presenting a constitutional issue of fundamental error based upon a theory not alleged on direct appeal. Consequently, the trial court's finding that —"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal"— must be overruled and the cause remanded back to the trial court for a new trial.

Likewise, a review of applicant's second claim on direct appeal shows that he argued that his waiver of his statutory rights was not knowingly, intelligently, and voluntarily made. (See: Opinion of the Eight Court of Appeals, pp.5). However, a review of applicant's fifth ground for review on his habeas corpus petition shows that he alleged that —"Detective Anderson violated his due process right under the Fifth and Fourteenth Amandment of the United States Constitution when he threatened physical abuse to applicant and his property in order to coerce him to give a self-incriminating statement against himself. (See: Applicant's Memorandum of Law, pp.17).

In summary, after comparing applicant's ground number five in his habeas corpus petition to applicant's claim number two on his direct appeal, it becomes clear that the claims are not the same because applicant is now presenting a constitutional issue of fundamental error based upon a theory not alleged on direct appeal. Consequently, the trial court's finding that —"applicant's Miranda and due process grounds for relief are not cognizable because they were litigated on direct appeal"—must be overruled and the case remanded back to the trial court for a new trial.

## Conclusion

In conclusion, the findings of fact and conclusion of law recommended by the trial court must be overruled and applicant granted a new punishment hearing based upon grounds one, two and three. Or in the alternative, applicant's cause should be reversed and remanded for a new trial based upon grounds number four and five. Applicant So Moves The Court.

Respectfully Submitted:

Matthew Cotten No. 1826716
Coffield Unit

2661 F.M. 2054

Tennessee Colony, Texas 75884

10

## Certificate Of Service

I, Matthew Cotten, Applicant, Pro se, do hereby certify that a true and correct copy of this foregoing instrument has been served upon Steven W. Conder, Assistant District Attorney, 401 W. Belknap, Fort Worth, Texas 76196-0201. Executed on this 25th day of February, 2015.

Sign: *Matthew Cotten*

Matthew Cotten No. 1826716

Applicant, Pro se

11